Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 11 2014, 10:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK K. PHILLIPS**
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KENNETH BIGGINS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON D. BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1403-CR-109 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable J. August Straus, Magistrate
Cause No. 82D05-1309-CM-3853

**December 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Following a bench trial, Jason D. Brown appeals his conviction for class A misdemeanor pointing an unloaded firearm at another person, arguing that the evidence is insufficient to support it. In reviewing the sufficiency of the evidence, we consider only the evidence and reasonable inferences arising therefrom supporting the conviction without reweighing the evidence or judging witness credibility. *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). "We will affirm a conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Id*.

To convict Brown of class A misdemeanor pointing an unloaded firearm at another person, the State was required to prove beyond a reasonable doubt that Brown pointed an unloaded firearm at Christina Ziegler and Tyler Reed. Ind. Code § 35-47-4-3(b); Appellant's App. at 10. The evidence most favorable to the conviction shows that Reed and Ziegler were walking to their vehicle in an apartment complex parking lot when Brown drove his truck into the parking lot and almost hit Ziegler.[1] Reed and Ziegler got into their vehicle and followed Brown to his apartment. Reed either stayed in his vehicle and spoke to Brown or got out of his vehicle to speak to him. Then, Reed put his vehicle in reverse and began to back up with the headlights on. Brown walked in front of Reed's vehicle. Ziegler saw

---

[1] In his statement of the facts, Brown sets forth in detail the testimony from his trial in contravention of Indiana Appellate Rule 46(A)(6), which provides in relevant part, "The facts shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed," and "The statement shall be in narrative form and shall not be a witness by witness summary of the testimony."

Brown pointing a handgun at her and Reed and making a recoil motion. Tr. at 11.[2] She yelled, "Get out of here. He's pointing a gun." *Id*. at 12, 42. Reed looked at Brown and saw him with a gun pointed at them and making a recoil motion. *Id*. at 42-43, 49. Brown's friend Karisa Ellerman drove into the parking lot near Brown's truck. It is unclear exactly when she arrived. She testified that she saw Brown's truck in a parking space and saw another vehicle but did not testify as to its location or what it was doing. Ellerman got out of her car and walked over to Brown's truck. Brown was either already in his truck or getting into it. She saw that Brown had a handgun, and he said, "I'm gonna get these mother f\*\*kers." *Id*. at 66. This evidence is sufficient to sustain Brown's conviction.

Nevertheless, Brown argues that there is not substantial evidence of probative value supporting his conviction because (1) the trial court acknowledged that there were "some serious credibility issues concerning the alleged victims in this case," *id*. at 89; (2) Reed's and Ziegler's testimony regarding the events of that evening were not the same; and (3) they were the only two witnesses to testify that they saw Brown pointing the firearm. Brown declares, "No one, even duly elected and seated judges, are in a position to hear multiple versions of a single incident, and be able to ascertain which of those versions is the truth." Appellant's Br. at 10. To the contrary, that is exactly what judges and juries are called upon to do. Reed's and Ziegler's testimony may have differed in other respects, but they both testified that they saw Brown pointing the gun at them and making a recoil motion. Brown

---

[2] Brown reproduced almost all of the transcript in his appellant's appendix in contravention of Indiana Appellate Rule 50(F), which provides, "Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

makes much of the fact that Ellerman testified that she did not see him pointing the handgun at anyone. However, her testimony supports a reasonable inference that she arrived at the scene after that had already happened. The trial court performed its responsibility to judge witness credibility and weigh the conflicting evidence. We are unpersuaded that this is a case that requires us to infringe upon the province of the trial court.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.